75C01-2002-CT-000004
Starke Circuit Court

Filed: 2/24/2020 8:55 AM
Clerk
Starke County, Indiana

STATE OF INDIANA     )
                     ) SS:
COUNTY OF STARKE     )

STARKE CIRCUIT COURT

KNOX

THOMAS DE COLA,
Plaintiff,

v.

KATHERINE CHAFFINS,
Defendant.

## VERIFIED COMPLAINT

Comes now the Plaintiff, Thomas De Cola, ("De Cola"), appearing *pro se*, and hereby asserts the cause of action for four (4) counts of information under Ind. Code §§ 34-17-1-1(2)[1], 34-17-1-2(1)[2], -2-2(a)(2)[3], and Ind. Trial Rule 60(B)(3)[4] in relation to Ind.

---

[1] As quoted verbatim,
**"IC 34-17-1-1 Information; when filing allowed**
Sec. 1. An information may be filed against any person or corporation in the following cases:
* * *
(2) Whenever a public officer does or allows an act which, by law, works a forfeiture of the officer's office.".

[2] As quoted verbatim,
**"IC 34-17-1-2 Annulment or vacation of certain documents**
Sec. 2. An information may be prosecuted to annul or vacate any letters-patent, certificate, or deed granted by the proper authorities of Indiana when there is reason to believe that:
(1) the letters, deed, or certificate was obtained by fraud or through mistake or ignorance of a material fact;".

[3] As quoted verbatim,
**"IC 34-17-2-2 Annulment or vacation of certain documents; procedure**
Sec. 2. (a) An information to annul or vacate any letters-patent, certificate, or deed described in IC 34-17-1-2 may be filed by:
* * *
(2) a private person, upon the person's relation, showing the person's interest in the subject matter.".

[4] As quoted verbatim,
**"Rule 60. Relief from judgment or order**
* * *

1

Code §§ 35-43-5-3(a)(2), -3(a)(3)[5] against the Defendant, Katherine Chaffins, ("Chaffins"). De Cola demands vacation of the Pulaski Circuit Court's <u>ORDER GRANTING SUMMARY JUDGMENT FOR THE STARKE COUNTY COMMISSIONERS</u>[6] filed on July 10, 2018 in related case 66C01-1801-CT-3, and compensatory and punitive damages for reimbursement costs, inconvenience, and all other proper and just relief in the premises. Wherefore, De Cola hereby states the following in regards to the cause of action stated herein to wit:

## FRAUD – COUNT 1

1. De Cola asserts that Chaffins acted outside the scope of her duty by committing actual and constructive fraud, denominated as both intrinsic and extrinsic when she was under an official duty as the supposed statutory clerk of the 2013 Starke County Tax Sale held on February 27, 2014, by wrongfully securing the possibility of an expectancy of title for Property ID# 75-04-36-500-003.000-011, ("the tract")[7], which

---

**(B) Mistake--Excusable neglect--Newly discovered evidence--Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
* * *
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;".

[5] As quoted verbatim,
"**IC 35-43-5-3 Deception**
  Sec. 3. (a) A person who:
* * *
(2) knowingly or intentionally makes a false or misleading written statement with intent to obtain property, employment, or an educational opportunity;
(3) misapplies entrusted property, property of a governmental entity, or property of a credit institution in a manner that the person knows is unlawful or that the person knows involves substantial risk of loss or detriment to either the owner of the property or to a person for whose benefit the property was entrusted;".

[6] Verified App. to the Verified Complaint – Exhibit A, pp. 2 – 12.
[7] Verified App. To the Verified Complaint – Exhibit B, pp. 13 – 39.

was offered for sale pursuant to the Starke Circuit Court's <u>JUDGMENT AND ORDER OF SALE</u>[8] filed into the related case 75C01-1308-MI-26 on August 20, 2013.

2. Chaffins and the Starke County Commissioners falsely asserted through an official capacity that the adjoining landowners to include Chaffins, De Cola, *et al.* possessed deeded rights to the tract supposedly proofed by an ancient deed *et al.* related assertions.[9]

3. De Cola relied upon these combined assertions until it was discovered otherwise.

4. De Cola was deprived from obtaining the highest winning bid for the tract at the February 27, 2014 tax sale when he competitively bid against a person claiming to be Herb Kuehn whom stated under oath via an interrogatory that he did not attend the tax sale.[10]

5. De Cola has shown the elements of actual and constructive fraud as taken from *Rice v. Strunk*, 670 N.E. 2d 1280, 1284, 1289 – (Ind. Sup. Ct. 1996), as quoted verbatim,

> "The elements of actual fraud are: (i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv) was relied upon by the complaining party and (v) proximately caused the complaining party injury. <u>Pugh's IGA, Inc., 531 N.E.2d at 1197</u>."

> "The elements of constructive fraud are: (i) a duty owing by the party to be charged to the complaining party due to their relationship; (ii) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists; (iii) reliance thereon by the complaining party; (iv) injury to the complaining party as a proximate result thereof; and (v) the gaining of an advantage by the party to be charged at the expense of the

---

[8] Verified App. to the Verified Complaint – Exhibit C, p. 40.
[9] Verified App. to the Verified Complaint – Exhibit D, pp. 41 – 47.
[10] Verified App. to the Verified Complaint – Exhibit E, pp. 48 – 50.

complaining party. *Pugh's IGA, Inc. v. Super Food Services, Inc.*, 531 N.E.2d 1194 (Ind.Ct.App.1988), trans. denied.".

## PROPERTY TAX CONVERSION – COUNT 2

1. De Cola asserts that Chaffins acted outside the scope of her duty by committing property tax conversion.

2. Former Treasurer Clark, on September 7, 2013 placed a guarantee pursuant to Ind. Code § 6-1.1-24-10[11] on Tax Sale Certificate# 751300214[12] representing the expectancy of title for the tract, which guarantees that $32,211.97 in taxes were delinquent and unpaid when the Starke County Commissioners offered the tract at sale.

3. Chaffins states in her Affidavit on p. 3, ¶ 16 – 18[13], as quoted verbatim,

   > "16. Property tax had never been assessed against the land in a manner consistent with the ownership. Therefore, it could not be sold for delinquency.
   > 17. Thus, the sale regarding parcel #75-04-36-500-003.000-011 was invalidated because no tax had been assessed or allocated to the individual adjacent parcel owners.
   > 18. The sale of parcel #75-04-36-500-003.000-011 was not the only sale invalidated by the County.  The County invalidated the sale of five other parcels offered for sale on the same day.  See Defendant's Exhibit C.  All of the properties

---

[11] As quoted verbatim,
**"IC 6-1.1-24-10 Guarantee by treasurer**
Sec. 10. (a) When a certificate of sale is issued under section 9 of this chapter, the county treasurer shall indorse upon, or attach to, the certificate of sale a written guarantee which is signed by the treasurer and which warrants:
(1) that the taxes and special assessments upon the real property described in the certificate of sale are delinquent and were unpaid at the time of sale; and
(2) that the real property is eligible for sale under this chapter.
(b) If the county treasurer, before the time of making the guarantee required by this section, received payment of the delinquent taxes or special assessments for which the real property was sold, the holder of the certificate is entitled to the amount due for an invalid sale under IC 6-1.1-25-10.".
[12] Verified App. to the Verified Complaint – Exhibit F, pp. 51 – 52.
[13] Verified App. to the Verified Complaint – Exhibit D, p. 44.

were thought to be owed by US Railroad Vest Corp J M S. As with parcel #75-04-36-500-003.000-011, it was determined that US Railroad Vest Corp J M S only owned an easement and as such the property should not have been offered for sale.".

Chaffins' above act constitutes the crime of property tax conversion.

4. Pursuant to Ind. Code § 6-1.1-11-1 which states verbatim,

> "An exemption is a privilege which may be waived by a person who owns tangible property that would qualify for the exemption. If the owner does not comply with the statutory procedures for obtaining an exemption, he waives the exemption. If the exemption is waived, the property is subject to taxation."

Furthermore, Ind. Code § 6-1.1-11-1.5(b) which states verbatim,

> "An award of an exemption from property taxation for tangible property for a particular assessment date must be based on the tangible property's eligibility of the exemption on the assessment date. An act occurring after the assessment date, . . . does not affect the eligibility of the tangible property for an exemption for that assessment date."

De Cola has shown that Chaffins committed an act that affected the eligibility of the tangible property for an exemption after the assessment date by awarding an exemption which is contrary to I. C. §§ 6-1.1-11-1, -1.5(b), this act constitutes a reckless violation of Ind. Code §§ 6-1.1-37-2(1), -2(2), -2(3), -6(5),[14] the crime of property tax conversion.

---

[14] As quoted verbatim,
"**IC 6-1.1-37-2 Assessment violations by public officials or employees**
Sec. 2. An assessing official or a representative of the department of local government finance who:
(1) knowingly assesses any property at more or less than what the official or representative believes is the proper assessed value of the property;
(2) knowingly fails to perform any of the duties imposed on the official or representative under the general assessment provisions of this article; or
(3) recklessly violates any of the other general assessment provisions of this article;
commits a Class A misdemeanor.
**IC 6-1.1-37-6 Class A misdemeanors related to property tax matters**

5

## OFFICIAL MISCONDUCT – COUNT 3

1. De Cola asserts that Chaffins acted outside the scope of her duty by committing official misconduct under Ind. Code §§ 35-44.1-1-1(1), -1(3), as quoted verbatim,

   > "**IC 35-44.1-1-1 Official misconduct**
   > Sec. 1. A public servant who knowingly or intentionally:
   > (1) commits an offense in the performance of the public servant's official duties;
   > * * *
   > (3) acquires or divests himself or herself of a pecuniary interest in any property, transaction, or enterprise or aids another person to do so based on information obtained by virtue of the public servant's office that official action that has not been made public is contemplated;".

2. Chaffins obtained the possibility of expectancies of titles for sections of the tract via means of adverse possession quit title claims for herself and other adjoining landowners of the tract by violating and acting contrary to multiple statutory authorities, insomuch as acting outside the scope of her duty in the selling and handling of the tract before, during, and after the sale.

## CIVIL RIGHTS VIOLATION – COUNT 4

1. De Cola asserts that Chaffins acted outside the scope of her duty by violating De Cola's U.S. Constitution Amendment V *et* XIV Sec. 1 rights by depriving De Cola of the tract or property without due process of law.

2. This in effect constitutes a violation of 18 U.S.C. §§ 241 *et* 242, the crime of conspiracy and deprivation of De Cola's federal constitutional rights.

---

Sec. 6. A person who recklessly, knowingly, or intentionally:
* * *
(5) temporarily converts property which is taxable under this article into property not taxable to evade the payment of taxes on the converted property;".

## DEMAND FOR RELIEF

De Cola demands from Chaffins the following:

1. An award of compensatory damages for inconvenience caused by her faulting.
2. An award of compensatory damages for the costs associated with this litigation.
3. An award of punitive damages for acting outside the scope of her duty.

Furthermore, De Cola demands from a competent court the following:

4. An order vacating the Pulaski Circuit Court's July 10, 2018 Order and all other proper and just relief in the premises.

Respectfully submitted,
/s/ Thomas De Cola
Thomas De Cola
Plaintiff
7410 W. 250 S.
North Judson, IN 46366
93sundial39@gmail.com
574-249-3556

## DEMAND FOR JURY TRIAL

De Cola herein preserves his Ind. Constitution Article 1 Section 20 right pursuant to Ind. Trial Rule 38 by demanding a trial by jury.

Respectfully submitted,
/s/ Thomas De Cola
Thomas De Cola
Plaintiff

## VERIFICATION STATEMENT

"I affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true. /s/ Thomas De Cola". Dated: February 24, 2020.
Thomas De Cola

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 24, 2020, a copy of the foregoing document was e-filed into the above captioned case and served via USPS certified return receipt requested mail to the following party:

Katherine Chaffins
6960 W. 250 S.
North Judson, IN 46366

/s/ Thomas De Cola
Thomas De Cola
Plaintiff